


STATE OF MAINE
ANDROSCOGGIN, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. __________

STEPPING STONES EARLY LEARNING CENTER, INC., of Green, Androscoggin County, Maine,

Plaintiff

v.

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, of Columbus, Ohio

Defendant

**COMPLAINT**

NOW COMES the Plaintiff, Stepping Stones Early Learning Center, Inc., by and through counsel, and complains against the Defendant, Nationwide Mutual Fire Insurance Company ("Nationwide"), stating as follows:

**Preliminary Statement**

1. Plaintiff brings this action to recover sums owed to it pursuant to a commercial insurance policy issued by Nationwide.

2. Plaintiff's business suffered a fire loss on July 1, 2020.

3. The insurance policy issued by Nationwide (the "Policy") insured Plaintiff against this loss.

4. Although Nationwide has paid Plaintiff in part for some losses incurred, full payment as required by the Policy has not been made, and Nationwide has failed to settle Plaintiff's claims as required by the Policy and Maine law.

**The Parties**

5. Plaintiff is a Maine business corporation operating a daycare for young children located in the Town of Greene, County of Androscoggin, State of Maine.

6. Nationwide is a foreign insurance company authorize to do and/or doing business in Androscoggin County, State of Maine, and subject to the jurisdiction of this Honorable Court. At all times pertinent herein, Nationwide insured Plaintiff for Plaintiff's principle place of business located at 301 Sawyer Road, Greene, Maine 04236.

**Facts**

7. The fire that occurred at Plaintiff's business on or about July 1, 2020 rendered the building, and the contents thereof, a total or near total loss.

8. At all times relevant hereto, Plaintiff owned the insured business and operated out of that location until it was forced by the fire loss to vacate, and temporarily relocate for approximately one year as a result of the fire.

9. Following the fire, Plaintiff promptly notified Nationwide of its loss and tendered a claim to Nationwide.

10. Subsequently, Nationwide sent and/or assigned authorized representatives to evaluate Plaintiff's losses, including Plaintiff's business income losses.

11. Nationwide and/or its authorized agents have advised the Plaintiff that the value of their covered business income losses under their fire insurance Policy were significantly less than the true value of the damages sustained by the Plaintiff as a result of the fire on July 1, 2020.

12. Nationwide and/or its authorized agents have refused and failed to timely process and issue payment for covered claims as required by the fire insurance Policy.

13. Nationwide and/or its authorized agents have unfairly and improperly imposed arbitrary deadlines and procedures on Plaintiff for submitting and processing claims, which has improperly prevented and/or delayed payment on covered claims and improperly prevented and/or delayed processing of claims made.

14. Nationwide and/or its authorized agents have knowingly misrepresented to Plaintiff relevant facts regarding the value of its damages arising from business income losses caused by the fire.

15. Nationwide and/or its authorized agents have refused to pay Plaintiff's business income loss claim without conducting a reasonable investigation.

16. Nationwide and/or its authorized agents have refused to provide an accurate written explanation for the basis of its denial and refusal to make payment for Plaintiff's covered business income losses.

17. At all times material hereto, Plaintiffs have fully cooperated with Nationwide and provided access to the business and property, as well as claim information and documentation to the best of their ability.

**COUNT I**
**BREACH OF CONTRACT**

18. Plaintiff realleges and reasserts each and every allegation contained in Paragraphs 1-17 as if set forth here in full.

19. Nationwide breached its contract of insurance with Plaintiff by:

A. Failing to promptly and reasonably adjust and process the claim;

B. Failing to account for Plaintiff's need to close its operations after the fire and adjust claims accordingly;

C. Failing to accurately account for changes in the cost of labor and/or expenses after the fire and adjust claims accordingly;

C. Failing to account for Plaintiff's need to temporarily relocate after the fire and adjust and process the claims accordingly;

D. Failing to account for Plaintiff's need to reduce the number of students following its relocation to a temporary building after the fire and adjust claims accordingly;

E. Failing to timely provide sufficient funds for covered business income losses, as per Policy provisions;

F. Failing to pay for additional business expenses incurred by Plaintiff after the fire in the time frame of the insurance contract;

G. Any other acts or omissions to be shown at trial on the merits.

**COUNT II**
**DECLARATORY JUDGMENT**

20. Plaintiff realleges and reasserts each and every allegation contained in Paragraphs 1-19 as if set forth here in full.

21. Plaintiff seeks a declaratory judgment for the purposes of determining a question of actual controversy between the parties concerning the parties' rights and obligations, and concerning coverages under the subject Policy.

22. Plaintiff seeks a declaration that the fire insurance Policy provides full insurance coverage for all damage to the insured's business, including additional business expenses and business income losses caused by the subject fire.

**COUNT III**
**SPECIFIC PERFORMANCE**

23. Plaintiff realleges and reasserts each and every allegation contained in Paragraphs 1-22 as if set forth here in full.

24. Nationwide entered into the subject contract of insurance with the Plaintiff, wherein it clearly and expressly agreed to provide fire insurance coverage for business losses and

additional business expenses. Plaintiff in turn paid Nationwide substantial premiums in consideration for the agreed upon fire insurance coverage.

25. Plaintiff has now sustained severe damage to its insured business and additional business expenses covered under the Policy.

26. Plaintiff has complied with requirements of the Policy to the best of its ability and is now accordingly entitled to specific performance of the fire insurance Policy.

## COUNT IV
## UNFAIR CLAIMS SETTLEMENT PRACTICES

27. Plaintiff realleges and reasserts each and every allegation contained in Paragraphs 1-26 as if set forth here in full.

28. Nationwide is subject to the Maine Insurance Code including, but not limited to, the Unfair Claims Settlement Practices statute, 24-A MRS § 2436-A.

29. Nationwide and/or its authorized agents, have breached the Maine Unfair Claims Settlement Practices statute by, without limitation, knowingly misrepresenting to the Plaintiff pertinent facts and Policy provisions relating to coverage at issue; failing, without just cause, to effect a prompt, fair, and equitable settlement of covered claims when liability for such claims has become reasonably clear; failing to review claims within a reasonable time; and failing to pay undisputed portions of Plaintiff's claim.

30. Nationwide's failures were willful and/or intentional and/or arbitrary and capricious so that the Plaintiff is entitled to an award of penalties, attorney's fees, and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for such sums as are just in the premises; A Declaration and/or Judgment by this Court that the subject Policy provides full insurance coverage for the damages caused by the July 1, 2020, fire at Plaintiff's insured business location; A Declaration and/or Judgment that Nationwide violated the Maine Unfair Claims

Settlement Practices statute; specific performance of the insurance contract; interest in the amount of one and one-half percent (1½%) per month; reasonable attorney's fees, disbursements, and costs; and any and other further relief that the Court deems just and proper.

Dated: June 23, 2022

Braden M. Clement, Esq., Bar No. 5290
Attorney for Plaintiff,
Stepping Stones Early Learning Center, Inc.

SKELTON, TAINTOR & ABBOTT
500 Canal Street
Lewiston, Maine 04096
(207) 784-3200