UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEPPING STONES EARLY LEARNING CENTER, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, <br> *Defendant*. | Case No. 2:22-cv-00255-LEW |

### NATIONWIDE'S MOTION FOR PARTIAL DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(6) WITH INCORPORATED MEMORANDUM OF LAW

NOW COMES the Defendant, Nationwide Mutual Fire Insurance Company ("Nationwide"), by and through its attorneys, Richardson, Whitman, Large and Badger, and respectfully moves the Court to dismiss Counts Three and Four of Plaintiff Stepping Stones Early Learning Center's ("Plaintiff's") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to enlarge the deadline to file responsive pleadings as to Counts One and Two pursuant to Rule 12(a).

### MEMORANDUM OF LAW

Although this is a dispute involving an insurance policy, it is not a case where the parties contest whether coverage under the applicable insurance policy exists. Rather, this case simply concerns the value of Plaintiff's claim, *i.e.*, how much money, if any, Nationwide must pay under the policy. Plaintiff commenced this action asserting claims for breach of contract (Count One), declaratory judgment (Count Two), Specific Performance (Count Three) and violation of Maine Unfair Claims Settlement Practices Act, 24-A MRS § 2436-A ("UCSPA").

As explained below, Count Three of the Complaint is defective and should be dismissed because it asserts a cause of action for specific performance, which is an equitable remedy and

generally not a stand-alone cause of action where a breach of contract claim is also asserted as is the case here. Further, specific performance is not an appropriate remedy in this case where Nationwide has performed under the contract and there are adequate legal remedies available to Plaintiff. Count Four should be dismissed because Plaintiff provides no allegations or factual support to suggest any conduct by Nationwide that would violate the statute.

## I.    FACTUAL BACKGROUND[1]

Plaintiff is a Maine business corporation operating a daycare for young children in the premises located at 301 Sawyer Road, Greene, Maine (the "Premises"). (Pl.'s Compl. ¶ 5). Nationwide issued a commercial property insurance policy ("Policy") to Plaintiff for the Premises. (*Id.* ¶¶ 3, 6).

Plaintiff's business suffered a fire loss on July 1, 2020. (*Id.* ¶ 2). The fire that occurred at the Premises on or about July 1, 2020 rendered the building, and the contents thereof, a total or near total loss. (*Id.* ¶ 7). Plaintiff was forced by the fire to vacate, and temporarily relocate for approximately one year. (*Id.* ¶ 8). Following the fire, Plaintiff promptly notified Nationwide of [the fire] and tendered a claim to Nationwide for the repair of the Premises and for lost business income. (*Id.* ¶ 9). Nationwide thereafter assigned authorized representatives to evaluate Plaintiff's [claim]. (Pl.'s Compl. ¶ 10). Nationwide has paid Plaintiff for repairs to the Premises, but the parties dispute the value of Plaintiff's business income loss. (*Id.* ¶ 11).

On July 25, 2022, Plaintiff commenced this Action with a four-count complaint against Nationwide. In Count One and Two, Plaintiff asserts claims for breach of contract and unjust enrichment. As to Count Three, Plaintiff alleges that by issuing the Policy Nationwide agreed to provide fire insurance coverage for business losses and additional business expenses. (Pl.'s

---

[1] Nationwide does not adopt the facts as stated by Plaintiff. Indeed, Nationwide takes issue with many of the material allegations of the Complaint and only reiterates the facts set forth in the Complaint for the purposes of this Partial Motion to Dismiss.

Compl. ¶ 24). Plaintiff alleges that it sustained damage to its business and additional business expenses, has complied with requirements of the Policy and therefore seeks specific performance of the Policy. (*Id.* ¶¶ 25, 26).

As to Count Four, Plaintiff alleges that Nationwide is subject to the Maine Insurance Code including, but not limited to, the UCSPA. (Pl.'s Compl. ¶ 28). Plaintiff alleges Nationwide and/or its authorized agents have breached the UCSPA by "knowingly misrepresenting to the Plaintiff pertinent facts and Policy provisions relating to coverage at issue; failing, without just cause, to effect a prompt, fair, and equitable settlement of covered claims when liability for such claims has become reasonably clear; failing to review claims within a reasonable time; and failing to pay undisputed portions of Plaintiff's claim." (*Id.* ¶ 29).

## II.   STANDARD OF REVIEW

Rule 12(b)(6) provides for dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to "state a claim of relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. P.R. Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011). "In deciding a motion to dismiss under Rule 12(b)(6), [we] must take all well-pleaded facts as true, but [we] need not credit a complaint's bald assertions or legal conclusions." *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996) (citations omitted).

Here, when accepting all of Plaintiff's well pleaded facts as true, Counts Three and Four of the Complaint fail to state a claim upon which relief can be granted and should be dismissed.

### III. ARGUMENT

#### A. Plaintiff Fails to State a Claim Upon Which Relief Can be Granted for Count III (Specific Performance).

As an initial matter, this dispute concerns the *valuation* of Plaintiff's alleged business income loss, and specifically whether Plaintiff incurred such a loss.

Count Three of Plaintiff's Complaint should be dismissed because specific performance is an equitable remedy, not a stand-alone cause of action where the complaint also includes a breach of contract claim. *Cole v. Peterson Realty, Inc.*, 432 A.2d 752, 755 (Me.1981) (ruling that claim for rescission and claim for punitive damages both arising from same alleged breach of duty constitute a single claim for relief and reasoning that "Where ... only one legal right is asserted, it is a single claim for relief even though multiple remedies for the alleged violation of that right are sought"). Also, specific performance may be granted only if there is no adequate remedy at law. *Pritzker v. Yari*, 42 F.3d 53, 72 (1st Cir. 1994) ("[i]n respect to damages arising out of a breach of contract, it is a basic tenet of contract law that a legal remedy (e.g., a sum of money) is presumptively preferable to an equitable remedy (e.g., specific performance), so long as the former is adequate and ascertainable.") Further, an order for specific performance is more appropriate in land and real estate conveyances, where a piece of land is presumed to be unique. *See Sullivan v. Porter*, 861 A.2d 625, 633 (2004) ("An order of specific performance may be appropriate to enforce a contract for the sale of land because of the uniqueness of each parcel of real property").

Here, the dispute is solely about how much money, if any, is owed to Plaintiff on its lost business income claim under the Policy, not whether the Policy provides such coverage. Nationwide has performed under the Policy, the issue in this case is whether Plaintiff lost business income and, if so, how much. While "it is within the trial court's equitable powers to apply the remedy for specific performance when a legal remedy is either inadequate or impractical" *Coastal Ventures v. Alsham Plaza, LLC*, 1 A. 3d 416, 422 (2010) (internal citations omitted), no such

4

inadequacy or impracticality is alleged in the Complaint. Thus, Plaintiff's claim for specific performance of the Policy should fail as a matter of law. Consequently, Nationwide respectfully requests that this Court dismiss Count Three of Plaintiff's Complaint.

### B. Plaintiff Fails to State a Claim Upon Which Relief Can be Granted for Count IV (Maine's Unfair Claims Settlement Practices Act).

Count Four asserts a claim for violation of the UCSPA, but Plaintiff provides no allegations or factual support to suggest any conduct by Nationwide that would violate the statute.

The UCSPA enables an insured to recover damages, costs, attorney's fees, and interest if it is established that an insurer engaged in one of the following five acts:

- A. Knowingly misrepresenting to an insured pertinent facts or policy provisions relating to coverage at issue;
- B. Failing to acknowledge and review claims, which may include payment or denial of a claim, within a reasonable time following receipt of written notice by the insurer of a claim by an insured arising under a policy;
- C. Threatening to appeal from an arbitration award in favor of an insured for the sole purpose of compelling the insured to accept a settlement less than the arbitration award;
- D. Failing to affirm or deny coverage, reserving any appropriate defenses, within a reasonable time after having completed its investigation related to a claim; or
- E. Without just cause, failing to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear.

24-A.M.R.S. § 2436-A.

In its Complaint, Plaintiff merely cut-and-pasted the language from the statute without any supporting allegations of fact from which such conclusory statements could be inferred. Indeed, Plaintiff alleged in Count Four that Nationwide breached the UCSPA by engaging in the following conduct:

- (i) knowingly misrepresenting to Plaintiff pertinent facts and Policy provisions relating to the coverage at issue; (ii) failing, without just cause, to effect a prompt, fair, and equitable settlement of covered claims when liability for such claims has become reasonably clear; (iii) failing to review claims

5

> within a reasonable time; (iv) and failing to pay undisputed portions of Plaintiff's claims. (Pl.'s Compl. ¶ 29).

In the "Facts" section of the Complaint, Plaintiff makes similar conclusory statements that essentially regurgitate the applicable "trigger" terms of the UCSPA:

> 12. Nationwide and/or its authorized agents have refused and failed to timely process and issue payment for covered claims as required by the fire insurance Policy.
>
> 13. Nationwide and/or its authorized agents have unfairly and improperly imposed arbitrary deadlines and procedures on Plaintiff for submitting and processing claims, which has improperly prevented and/or delayed payment on covered claims and improperly prevented and/or delayed processing of claims made.
>
> 14. Nationwide and/or its authorized agents have knowingly misrepresented to Plaintiff relevant facts regarding the value of its damages arising from business income losses caused by the fire.
>
> 15. Nationwide and/or its authorized agents have refused to pay Plaintiff's business income loss claim without conducting a reasonable investigation.
>
> 16. Nationwide and/or its authorized agents have refused to provide an accurate written explanation for the basis of its denial and refusal to make payment for Plaintiff s covered business income losses.

(Pls. Compl. ¶¶ 12-16). The only relevant "fact" alleged by Plaintiff relating to Nationwide's handling of its claim is contained in paragraph 11:

> 11. Nationwide and/or its authorized agents have advised the Plaintiff that the value of their covered business income losses under their fire insurance Policy were significantly less than the true value of the damages sustained by the Plaintiff as a result of the fire on Ju1y 1, 2020.

(*Id.* ¶ 11).

Thus, setting aside from the conclusory statements referenced above, the Complaint does not allege *facts* that would support an inference of wrongful conduct by Nationwide. At most, paragraph 11 of the Complaint reflects a straightforward contract dispute over the value of Plaintiff's claim. *See Cook v. USAA Cas. Ins. Co.*, 2020 WL 556394, *12 (D. Me Feb. 4, 2020*),*

*citing, Curtis v. Allstate Ins. Co.*, 787 A.2d 760, 766–67 (Me. 2002) ("The UCSPA does not provide for recovery in an ordinary contract dispute; it does not require the insurer to pay both undisputed and disputed amounts immediately upon demand"); *Marquis v. Farm Fam. Mut. Ins. Co.,* 628 A.2d 644, 652 (Me. 1993)("The unfair claims practices statute sets forth four separate bases for an award of statutory interest and attorney fees, and the failure by the plaintiffs to allege and prove a specific violation precludes recovery under the statute").

Thus, Count Four is a misapplication of the UCSPA where here, there is no coverage dispute, but merely a dispute over the amount, if any, of Plaintiff's lost business income that resulted from the fire at the Premises. There are simply no *facts* alleged that would infer conduct by Nationwide that violated the UCSPA. Consequently, Nationwide respectfully requests that this Court dismiss Count Four of Plaintiff's Complaint.

### IV. CONCLUSION

For the reasons stated above, Nationwide respectfully requests this Court to grant its motion to dismiss Counts Three and Four with prejudice, and to enlarge the time to file responsive pleadings as to all remaining Counts until 14 days after the decision on this Motion for Partial Dismissal is entered on the Court's docket.

Dated at Portland, Maine this 15th day of September, 2022.

**DEFENDANT, NATIONWIDE MUTAL FIRE INSURANCE COMPANY**

*/s/ John S. Whitman*
John S. Whitman

Richardson, Whitman, Large & Badger
465 Congress Street / P.O. Box 9545
Portland, ME 04112-9545
(207) 774-7474
jwhitman@rwlb.com

        */s/ Robert Laurie*
        Robert Laurie

        Gfeller & Laurie
        West Hartford Center
        977 Farmington Avenue – Suite 200
        West Hartford, Connecticut 06107
        (860) 760-8405
        rlaurie@gllawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2022, I caused a true copy of the foregoing document to be electronically filed with the Court using the CM/ECF system, which will send notification to all counsel of record.

        */s/ John S. Whitman*
        John S. Whitman

        Richardson, Whitman, Large & Badger
        465 Congress Street
        P.O. Box 9545
        Portland, ME 04112-9545
        (207) 774-7474
        jwhitman@rwlb.com