UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPPING STONES EARLY LEARNING CENTER, INC., of Green, Androscoggin County, Maine, | ) ) ) ) | Case No. 2:22-cv-00255-LEW |
| Plaintiff | ) ) | |
| v. | ) ) | |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, of Columbus, Ohio | ) ) ) ) | |
| Defendant | ) ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, Stepping Stones Early Learning Center, Inc., by and through counsel, and pursuant to Fed. R. Civ. P. 15(a)(1)(B), asserts this First Amended Complaint as a matter of course against the Defendant, Nationwide Mutual Fire Insurance Company ("Nationwide"), stating as follows:

**Preliminary Statement**

1.      Plaintiff brings this action to recover sums owed to it pursuant to a commercial insurance policy issued by Nationwide (the "Policy").

2.      Plaintiff's business suffered a fire loss on July 1, 2020 (the "Fire").

3.      The Policy insured Plaintiff against losses caused by the Fire.

4.      Nationwide has provided Plaintiff with what is purported to be a complete certified copy of the Policy and Nationwide is aware of the Policy's terms.

1

5.    Plaintiff has, at all relevant times, acted with due care and has complied with the terms of the Policy to the best of its ability.

6.    The Fire caused Plaintiff to suspend operations for approximately one month, during which time she continued to incur ordinary business expenses and extra expenses, and to then relocate to a different facility in order to be able resume only a part of Plaintiff's business operations for a full year, during which time Plaintiff was required by the State of Maine to accommodate approximately 25% fewer students than were enrolled before the subject Fire. Plaintiff also continued to incur ordinary and extra business expenses during the time periods of suspension and forced relocation.

7.    Although Nationwide has paid Plaintiff in part for some losses incurred, full payment as required by the Policy for business income losses and extra expense losses has not been made, and Nationwide has failed to settle Plaintiff's covered claims as required by the Policy and Maine law.

### The Parties

8.    Plaintiff is a Maine business corporation operating a daycare for young children located in the Town of Greene, County of Androscoggin, State of Maine.

9.    Nationwide is a foreign insurance company authorized to do and/or doing business in Androscoggin County, State of Maine, and subject to the jurisdiction of this Honorable Court.  At all times pertinent herein, Nationwide insured Plaintiff for Plaintiff's principle place of business located at 301 Sawyer Road, Greene, Maine 04236.

### Factual Allegations

10.    The Fire that occurred on or about July 1, 2020, rendered the building, and the contents thereof, a total or near total loss.

2

11.     Following the Fire, Plaintiff promptly notified Nationwide of its loss and tendered a claim to Nationwide.

12.     Subsequently, Nationwide sent and/or assigned authorized representatives to evaluate Plaintiff's losses, including Plaintiff's business income and extra business expense losses.

13.     As a result of the Fire, Plaintiff was forced to close and suspend its business operations for approximately one month, during which time Plaintiff lost students and lost revenue, and continued to incur ordinary and extra business expenses.

14.     Following the period of suspension, Plaintiff was then forced to vacate the 301 Sawyer Road location and temporarily relocate to a smaller facility for approximately one year, during which time Plaintiff was required by the State of Maine to enroll fewer students, and, as a result, had to accommodate fewer students; accordingly, Plaintiff lost students and lost revenue and income while still incurring ordinary and extra business expenses.

15.     Plaintiff's Policy covers the actual loss of business income sustained as a result of physical loss of or damage to property at the insured premises.

16.     Business income is defined by the Policy, in part, as net income that would have been earned or incurred but for a covered loss.

17.     Plaintiff's policy also provides Extra Expense Coverage for necessary expenses incurred during the "period of restoration" that the insured would not have incurred if there had been no direct physical loss or damage to property caused or resulting from a covered cause of loss.

18.     The Policy provides Extra Expense Coverage, in part, to "avoid or minimize the suspension of business and to continue operations at the described premises or temporary

locations, including relocation expenses and costs to equip and operate the replacement location or temporary location."

19.     The policy states that the amount of extra expense is to be determined based on:

a.   All expenses that exceed the normal operating expenses that would have been incurred by "operations" during the period of restoration if no direct physical loss or damage had occurred.

b.   Necessary expenses that reduce the Business Income loss that otherwise would have been incurred.

20.     As a result of the fire, Plaintiff sustained covered Business Income loss and Extra Expense loss, which together substantially exceeded the available Policy limits.

21.     Nationwide's authorized representative(s) initially advised Plaintiff that it sustained covered Business Income losses and covered Extra Expense losses; however, Nationwide has since misrepresented the terms of the Policy and the facts and has wrongfully failed to pay any covered Business Income losses, and has failed to pay a substantial portion of Plaintiff's Extra Expense losses.

22.     For example, contrary to the requirements of the Policy and its duties as Plaintiff's insurer, Nationwide knowingly and wrongfully utilized improper methodology and improper sources of information to falsely conclude that Plaintiff's Business Income loss was zero for the loss period, which was the thirteen months of suspension and relocation following the Fire.

23.     Nationwide also knowingly and intentionally misrepresented the terms of the Policy by telling Plaintiff that the methodology utilized by Nationwide to analyze the business

losses in this case was correct and proper, when, in fact, the methodology was contrary to the terms of the Policy.

24.    Further, Nationwide knowingly and intentionally misrepresented the facts by telling Plaintiff that she did not sustain covered Business Income losses because the business was not operating in the red after the loss, when, in fact, that is an improper measure of business loss damages under the Policy.

25.    Nationwide knowingly and intentionally misrepresented the facts and the terms of the policy by including funds that Plaintiff received in connection with COVID grants as income to the business, when, in fact, Nationwide knew or should have known that the grants received due to COVID came with specific instructions for how it could be spent and were not to be included as income.

26.    Nationwide knowingly and intentionally misrepresented the facts and the terms of the policy by when it told Plaintiff that she did not sustain covered business losses because Nationwide compared Plaintiff's income during the period of loss to income from prior years to determine that the business did not lose income, which was an improper methodology for calculating Business Income loss pursuant to the Policy.

27.    More specifically, on January 11, 2021, Nationwide misrepresented the facts and the terms of the Policy when its claims specialist and forensic accountant assigned to the claim, Neelima Sunder, falsely told Plaintiff via e-mail that there was "no business loss income calculated at this time based on the information available through November 2020. The revenue reduction compared to prior year does not exceed the payroll savings you have during the period of restoration."

28.     Over the course of many months, Plaintiff cooperated fully with Nationwide and sent Nationwide voluminous documents and records in response to Nationwide's requests for information – documents and records that support her claims for Business Income and Extra Expense losses – and Plaintiff also exchanged many e-mails with Nationwide's claims adjuster assigned to the case, Glenn Tearno, and Ms. Sunder.

29.     On several occasions Glenn Tearno represented to Plaintiff that he concluded that Plaintiff did sustain covered Business Income losses for which she would eventually be paid.

30.     For example, on April 13, 2021, Plaintiff sent an e-mail to Glenn Tearno, which stated, in part, as follows:

> Good morning Glen,
> Did we find someone else to take another look or at least explain to us how she is coming up with no income loss for us? It just doesn't make sense with being closed for 3 weeks, being licensed for 25 less children, paying more then [sic] triple the Central Maine Power CO costs, and payroll costing me the same or even more than last year with less children. I can send more CMP bills, income compared to last year and payroll costs to you if necessary.

31.     On April 16, 2021, Mr. Tearno responded in part:

> Good morning Amanda
> I have a meeting scheduled for Monday morning [sic] I'll give a better up date [sic] after the meeting.
> …
> I agree it makes no sense to me either [sic]
> Hang on I haven't given up. Sometimes you have [sic] chew a bite more than others [sic]
> Thanks
> Glenn

32.     Even in spite of the analysis and opinion of the assigned adjuster, Mr. Tearno, that Plaintiff did sustain covered business losses, Nationwide intentionally, and in bad faith, failed to adjust the claim pursuant to the facts and the terms of the Policy and failed to compensate Plaintiff for said business losses.

33.     Additionally, Nationwide failed to explain to Plaintiff its reasons for denying coverage for Plaintiff's business loss claim and/or its failure to make payments pursuant to the Policy.

34.     Nationwide also failed to explain to Plaintiff the policy provisions that it relied upon in denying the Business Income loss claim and/or concluding that there was no covered loss.

35.     Additionally, Nationwide and/or its authorized agents have advised Plaintiff that the value of Plaintiff's covered Extra Expense losses were significantly less than the true value of the damages sustained by Plaintiff as a result of the Fire.

36.      For instance, during the period of loss from July 1, 2020 until August 1, 2021, Plaintiff incurred covered Extra Expense losses, which were caused by the Fire, for additional utilities costs, additional trash removal costs, additional insurance costs, increased tax and license costs, additional training costs, and increased payroll, for which Nationwide has failed to provide coverage.

37.     Nationwide has knowingly and falsely told Plaintiff that the aforementioned extra expenses caused by the Fire are not covered by the Policy.

38.     Nationwide has failed to properly adjust the aforementioned Extra Expense loss claims.

39.     Nationwide has failed to explain to Plaintiff its reasons for denying coverage for the aforementioned Extra Expense losses and, furthermore, has failed to explain to Plaintiff which policy terms it relied upon in making its determination that there is no coverage and/or declining to make timely payment for said claims.

40.     On June 24, 2022, one week before the two-year anniversary of the Fire, Nationwide provided undersigned counsel with a summary of claims paid to date, which misleadingly and in bad faith purports to show that Nationwide paid Plaintiff $131,116.40 for "Extra Expense/Loss of Income", when, in fact, Nationwide has made no payments to Plaintiff for loss of income, and has paid only a portion of Plaintiff's covered Extra Expense losses.

41.     Nationwide and/or its authorized agents have refused and failed to timely process and issue payment for covered claims as required by the Policy.

42.     Nationwide and/or its authorized agents have unfairly and improperly imposed arbitrary deadlines and procedures on Plaintiff for submitting and processing claims, which has improperly prevented and/or delayed payment on covered claims and improperly prevented and/or delayed processing of claims made.

43.     Nationwide and/or its authorized agents have knowingly misrepresented to Plaintiff relevant facts regarding the value of its damages arising from Business Income losses and Extra Expense losses caused by the fire.

44.     Nationwide and/or its authorized agents have refused to pay Plaintiff's Business Income loss and Extra Expense claims without conducting a reasonable investigation.

45.     Nationwide and/or its authorized agents have refused to provide an accurate written explanation for the basis of its denial and/or refusal to make payment for Plaintiff's covered Business Income and Extra Expense losses.

46.     At all times material hereto, Plaintiff has fully cooperated with Nationwide and provided access to the business and property, as well as claim information and documentation to the best of its ability.

## COUNT I
## BREACH OF CONTRACT

47.     Plaintiff realleges and reasserts each and every allegation contained in Paragraphs 1-46 as if set forth here in full.

48.     Nationwide breached its contract of insurance with Plaintiff by:

    A.     Failing to promptly and reasonably adjust and process the claim;

    B.     Failing to account for Plaintiff's need to close its operations after the Fire and to adjust claims accordingly;

    C.     Failing to accurately account for Plaintiff's increased expenses after the Fire and to adjust claims accordingly;

    C.     Failing to account for Plaintiff's need to temporarily relocate after the Fire, which caused lost revenue, lost income, and extra expenses, and to adjust and process the claims accordingly;

    D.     Failing to account for Plaintiff's need to reduce the number of students following its relocation to a smaller temporary building after the Fire and to adjust claims accordingly;

    E.     Failing to timely provide sufficient funds for covered Business Income losses, as per Policy provisions;

    F.     Failing to pay for additional business expenses incurred by Plaintiff as a result of the Fire;

    G.     Any other acts or omissions to be shown at trial on the merits.

## COUNT II
## DECLARATORY JUDGMENT

49.     Plaintiff realleges and reasserts each and every allegation contained in Paragraphs 1-48 as if set forth here in full.

50.     Plaintiff seeks a declaratory judgment for the purposes of determining a question of actual controversy between the parties concerning the parties' rights and obligations, and concerning coverages under the subject Policy.

51.     Plaintiff seeks a declaration that the fire insurance Policy provides full insurance coverage for all damage to the insured's business, including additional business expenses and lost business income caused by the subject fire.

## COUNT III
## SPECIFIC PERFORMANCE

52.     Plaintiff realleges and reasserts each and every allegation contained in Paragraphs 1-51 as if set forth here in full.

53.     Nationwide entered into the subject contract of insurance with the Plaintiff, wherein it clearly and expressly agreed to provide fire insurance coverage for business losses and additional business expenses.  Plaintiff in turn paid Nationwide substantial premiums in consideration for the agreed upon fire insurance coverage.

54.     Plaintiff has now sustained severe damage to its insured business and additional business expenses covered under the Policy, which substantially exceed the Policy limits.

55.     Plaintiff has complied with requirements of the Policy to the best of its ability and is now entitled to specific performance of coverage for its total losses.

## COUNT IV
## UNFAIR CLAIMS SETTLEMENT PRACTICES

56.     Plaintiff realleges and reasserts each and every allegation contained in Paragraphs 1-55 as if set forth here in full.

57.     Nationwide is subject to the Maine Insurance Code including, but not limited to, the Unfair Claims Settlement Practices statute, 24-A MRS § 2436-A.

58.     Nationwide and/or its authorized agents, have breached the Maine Unfair Claims Settlement Practices statute by, without limitation, knowingly misrepresenting to the Plaintiff pertinent facts and Policy provisions relating to coverage at issue; failing, without just cause, to

effect a prompt, fair, and equitable settlement of covered claims when liability for such claims has become reasonably clear; failing to review claims within a reasonable time; and failing to pay undisputed portions of Plaintiff's claim.

59.     Nationwide's failures were willful and/or intentional and/or arbitrary and capricious so that the Plaintiff is entitled to an award of penalties, attorney's fees, and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for such sums as are just in the premises; A Declaration and/or Judgment by this Court that the subject Policy provides full insurance coverage for the damages caused by the July 1, 2020, fire at Plaintiff's insured business location; A Declaration and/or Judgment that Nationwide violated the Maine Unfair Claims Settlement Practices statute; specific performance for full coverage for its damages; interest in the amount of one and one-half percent (1½%) per month; reasonable attorney's fees, disbursements, and costs; and any and other further relief that the Court deems just and proper.


Dated:    October 6, 2022            */s/ Braden M. Clement*
                                     Braden M. Clement, Esq., Bar No. 5290
                                     Attorney for Plaintiff,
                                     Stepping Stones Early Learning Center, Inc.

                                     SKELTON, TAINTOR & ABBOTT
                                     500 Canal Street
                                     Lewiston, Maine 04096
                                     (207) 784-3200
                                     bclement@sta-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2022, I caused a true copy of the foregoing document to be electronically filed with the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Braden M. Clement*
Braden M. Clement, Esq., Bar No. 5290
Attorney for Plaintiff,
Stepping Stones Early Learning Center, Inc.

SKELTON, TAINTOR & ABBOTT
500 Canal Street
Lewiston, Maine 04096
(207) 784-3200
bclement@sta-law.com