UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPPING STONES EARLY LEARNING CENTER, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:22-cv-00255-LEW |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER ON MOTION TO DISMISS

Defendant Nationwide Mutual Fire Insurance Company has moved to dismiss (ECF No. 11) Counts Three (specific performance) and Four (violation of the Maine Unfair Claims Settlement Practices Act) of Plaintiff Stepping Stones Early Learning Center, Inc.'s First Amended Complaint (ECF No. 13) pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is granted in part and denied in part.

## BACKGROUND

On July 1, 2020, Plaintiff's daycare premises suffered a fire loss (ECF No. 13 ¶¶ 8 & 10). Defendant issued a commercial property insurance policy to Plaintiff for its daycare premises that insured against losses caused by fire. *Id.* ¶ 9. Plaintiff was forced to vacate and temporarily relocate for approximately one year because the fire rendered the building, and the contents thereof, a total or near total loss. *Id.* at ¶ 13.

Plaintiff promptly notified Defendant of the fire and then submitted a claim for the repairs to the premises and for lost business income. *Id.* at ¶ 11. Defendant has paid Plaintiff for repairs to the premises, but discord is extant regarding the lost business income portion of the claim. *Id.* at ¶ 21. On September 15, 2022, Defendant filed a Motion to Dismiss Counts Three and Four (ECF No. 11). On September 16, 2022, Defendant filed an Answer to Complaint Counts One and Two (ECF No. 12). On October 6, 2022, Plaintiff filed their First Amended Complaint (ECF No. 13), which Plaintiff was entitled to do as of right. *See* Fed. R. Civ. P. 15(a)(1)(B).

## DISCUSSION

To avoid dismissal, Plaintiff must provide "a short and plain statement of the claim showing he is entitled to relief." Fed. R. Civ. P. 8(a)(2). Practically speaking, this means the complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying this standard, the Court will accept factual allegations as true and consider whether the facts, along with reasonable inferences that may arise from them, describe a plausible, as opposed to merely conceivable, claim. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011); *Sepúlveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010).

### A. Count III – Specific Performance

Plaintiff argues that they are entitled to specific performance of coverage for total losses based on their insurance policy. Defendant contends that this count should be dismissed because specific performance is an equitable remedy, not a stand-alone cause of action where the complaint also includes a breach of contract claim.

2

"It is axiomatic that an equitable remedy such as specific performance will not be granted where there exists an adequate remedy at law." *McIntyre v. Plummer Assocs.*, 375 A.2d 1083, 1084 (Me. 1977). *See also Triple-A Baseball Club Assocs. v. Ne. Baseball, Inc.*, 832 F.2d 214, 223 (1st Cir. 1987). When a claim for damages arises out of a breach of contract, "it is a basic tenet of contract law that a legal remedy (*e.g.*, a sum of money) is presumptively preferable to an equitable remedy (*e.g.*, specific performance) so long as the former is adequate and ascertainable." *Pritzker v. Yari*, 42 F.3d 53, 72 (1st Cir. 1994).

Accepting all of Plaintiff's factual allegations as true, I see nothing pled that would permit me to find specific performance as the proper remedy to this controversy. The allegations represent a rather garden-variety insurance coverage dispute. The Amended Complaint did not undermine in the least the notion that this is a contract case with all of the attendant remedies at law afforded in such cases. While the precise damages amount is in controversy, that routine characteristic of the case does not render this an exercise in metaphysics so that I should resolve it by way of the Court's powers in equity. As Defendant explained in its motion, "the dispute is solely about how much money, if any, is owed to Plaintiff on its lost business income under the Policy, not whether the Policy provides such coverage." Mot. at 4. The damages remedy at law is knowable; Plaintiff's Count III is dismissed.

### B. Count IV – Unfair Claims Settlement Practices

Plaintiff alleges that Defendant breached the Maine Unfair Claims Settlement Practices Act (UCSPA) and because of this they are entitled to an award of penalties, attorney's fees, and costs. Defendant contends that Plaintiff has provided no allegations or

factual support to suggest any conduct by Defendant that would violate the statute and instead has only provided conclusory statements that regurgitate the applicable trigger terms of the UCSPA.

The UCSPA "generally prohibits insurers from offering threats or knowing misrepresentations, failing to act within a reasonable time, or contesting the basis or amount of liability without [reason]." *Maine Woods Pellet Co., LLC v. W. World Ins. Co.*, 401 F. Supp. 3d 194, 206 (D. Me. 2019) (citing 24-A M.R.S. § 2436-A).

To avoid dismissal, Plaintiff's complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). I believe this bar has been overcome. Through Plaintiff's Amended Complaint, an inference of wrongful conduct by Defendant could be found. This inference could be drawn from the following allegations (among perhaps others): the claimed issues of impropriety and misrepresentation surrounding the calculation of business loss damages (ECF No. 13, ¶¶ 22-24), the addition of funds received in connection with COVID grants as income to the business (*Id.* ¶ 26), the representations made by adjuster Glenn Tearno to Plaintiff about sustained business income losses that would eventually be paid (*Id.* ¶¶ 29-31), the failure to give Plaintiff reasons for denying coverage or which policy provisions Defendant relied upon for denying the business income loss claim (*Id.* ¶¶ 33-34), or possible procedures that improperly prevented and/or delayed processing of claims made (*Id.* ¶ 42). Courts within this Circuit have found colorable claims from similar assertions.[1] Defendant may discover

---

[1] *E.g. Musto v. Liberty Ins. Corp.*, No. 1:20-CV-00188-GZS, 2020 WL 7212989, at *5 (D. Me. Dec. 7, 2020) (finding that Plaintiff ideally should have stated the grounds for UCSPA claim more plainly, but, taken as a whole, the pleadings could plausibly implicate a claim, stating that "plaintiff appears to assert
*(continued next page)*

facts sufficient to support a motion for summary judgment of the UCSPA claim but the allegations are sufficient to resist its motion to dismiss. Defendant's Motion to Dismiss as to Count IV of Plaintiff's Amended Complaint is denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED** as to Count Three (specific performance) and **DENIED** as to Count Four (violation of the Maine Unfair Claims Settlement Practices Act).

**SO ORDERED.**

Dated this 6th day of December, 2022.

                       /s/ Lance E. Walker
                       UNITED STATES DISTRICT JUDGE

---

that by allegedly withholding the full amount of owed damages until the present, Defendant has refused to provide a prompt, fair and equitable settlement, implicating § 2436-A(E)"); *Province Lake Golf Enters., Inc. v. Philadelphia Indem. Ins. Co.*, No. 20-CV-309-JD, 2020 WL 3799229, at *5 (D.N.H. July 7, 2020) (finding that Plaintiff could conclude Defendant did not have a reasonable basis to contest coverage from Plaintiff's allegation that Defendant's adjustors intentionally overvalued property to create a co-insurance penalty and delayed payment under other coverages about which there was no dispute).